1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MONTE L. LOW,

11          Plaintiff,                    No. 2:10-cv-01624 JAM KJN PS

           v.

12

    CITY OF SACRAMENTO,

13

           Defendant.                  <u>ORDER</u>

14   _____/

15          On June 29, 2010, defendant filed motions to dismiss and strike plaintiffs' Second

16   Amended Complaint, and noticed the motions for a hearing to take place on August 12, 2010.

17   (Dkt. No. 5.)  Plaintiff, who is proceeding without counsel, was obligated to file and serve a

18   written opposition or statement of non-opposition at least fourteen days prior to the noticed

19   hearing date; thus, such an opposition or statement of non-opposition was due on or before July

20   29, 2010.  <u>See</u> E. Dist. Local Rule 230(c).[1]  Plaintiff failed to file such a written opposition or

21   statement of non-opposition.  Accordingly, on August 5, 2010, the court ordered plaintiff to

22   "show cause, in writing, no later than August 19, 2010, why sanctions, including dismissal of his

23   lawsuit, should not be imposed for plaintiff's failure to prosecute and failure to file an opposition

24   or statement of non-opposition to the pending motion."  (Dkt. No. 7.)

25   _____

26          [1]  Local Rule 230(c) also provides that "[n]o party will be entitled to be heard in
opposition to a motion at oral arguments if opposition to the motion has not been timely filed by
that party."

1        On August 10, 2010, plaintiff filed a timely response to the order to show cause

2   ("OSC").  (Dkt. No. 8.)  Plaintiff's response essentially explains that he is unfamiliar with the

3   Federal Rules of Civil Procedure and did not realize that he was obligated to respond to

4   defendant's motions.  He mistakenly thought that he only needed to appear at the hearing.  Under

5   the circumstances, the undersigned will discharge the OSC without imposing any sanction.

6   However, plaintiff is advised to promptly familiarize himself with the Federal Rules of Civil

7   Procedure and this court's Local Rules, as his future failures to comply with these authorities and

8   other applicable law may result in the imposition of appropriate sanctions, including dismissal of

9   his case.  See Fed. R. Civ. P. 41(b); E. Dist. Local Rules 110, 183(a); see Chambers v. NASCO,

10  Inc., 501 U.S. 32, 44 (1991) (stating that a court "may act *sua sponte* to dismiss a suit for failure

11  to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th

12  Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil

13  Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil

14  procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam)

15  ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v.

16  Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of

17  procedure that govern other litigants."); Thompson v. Housing Auth. of City of L.A., 782 F.2d

18  829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control

19  their dockets and may impose sanctions including dismissal).

20        For the foregoing reasons, IT IS HEREBY ORDERED that:

21        1.        The OSC entered by the court on August 5, 2010 is discharged.

22        2.        Defendant's motions to dismiss and strike plaintiff's complaint will

23  remain on calendar and be heard on September 16, 2010.

24        3.        Plaintiff shall file a written opposition or statement of non-opposition to

25  the pending motion to dismiss on or before September 2, 2010.  As previously advised, plaintiff's

26

1    failure to file a written opposition shall be deemed a statement of non-opposition and may result

2    in the imposition of appropriate sanctions, including dismissal.

3            4.        Defendant may file a reply to plaintiffs' opposition on or before

4    September 9, 2010.

5            IT IS SO ORDERED.

6    DATED:  August 11, 2010

7

8

9

10                                                    _____
                                                      KENDALL J. NEWMAN
                                                      UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26